IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**LEWIS RANSBURGH, # 07834**                                                                              **PETITIONER**

**V.**                                **CIVIL ACTION NO. 2:12cv101-KS-MTP**

**CHRISTOPHER EPPS**                                                                       **RESPONDENT**

## ORDER

THIS MATTER is before the court on the Petitioner's Motions for Production of Documents [7][9]. The court having considered the motions finds that they should be DENIED.

In his first Motion [7], Petitioner Lewis Ransburgh seeks his medical records and his medication list relating to a uranalysis. In his second motion [9], Petitioner seeks his housing records for May and June 2011, "to show the court he was deprived of his prison liberty because of two unconfirmed drug's test." Motion [9].

The Supreme Court has held that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. . . . " Expounding on the "good cause" clause under Rule 6(a), the Supreme Court stated "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Bracy*, 520 U.S. at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

The Fifth Circuit has found that "[g]ood cause may be found when a petition for habeas

corpus relief 'establishes a prima facie claim for relief.'" *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (quoting *Harris*, 394 U.S. at 290).  However, "a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6 ." *Murphy*, 205 F.3d at 814.

The court finds that Petitioner has failed to show good cause to allow him to conduct discovery.  Accordingly, Petitioner's Motions for Production of Documents [7][9] should be denied at this time.  Accordingly,

IT IS, THEREFORE, ORDERED that Petitioner's Motions [7][9] for Production of Documents are DENIED.

SO ORDERED this the 19th day of July, 2012.

s/ Michael T. Parker  
United States Magistrate Judge