# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**LEWIS RANSBURGH, #0834**

**VS.**                                             **CIVIL ACTION NO. 2:12cv101-KS-MTP**

**CHRISTOPHER EPPS**

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Petition of Lewis Ransburgh for *Writ of Habeas Corpus* [1], Report and Recommendation of Magistrate Judge Michael T. Parker [32], Objection thereto filed by Petitioner [34] and the Court after considering the applicable case law, the above documents, and the record in the case finds that the petition is not well taken and that the petition should be **dismissed with prejudice** for the following reasons, to-wit:

## FACTUAL BACKGROUND

*Pro se* petitioner Lewis Ransburgh was convicted of murder in Hinds County, Mississippi, and was sentenced to life imprisonment.[1] He is currently incarcerated in the Mississippi State Penitentiary.

In his petitions,[2] Petitioner challenges two Rule Violation Reports ("RVR") and the guilty findings relating to them. He received RVR No. 1144472 on January 6, 2011, and

---

[1]Information available at: http://www.mdoc.state.ms.us/InmateDetails.asp?PassedId=07834 (last visited September 20, 2012).

[2]Petitioner filed two different petitions [1][2] essentially asserting the same ground.

1

received RVR No. 1143510 on March 14, 2011, both for testing positive for THC (marijuana). Ex. A to Response [10-1] at 4; Ex. B [10-2] at 6. He was found guilty of the RVRs after two disciplinary hearings conducted on January 19, 2011, and March 21, 2011. As a result of the guilty findings, he was referred to the Behavior Modification Program for two days and lost his privileges for two months. *Id.*; *see also* Petitions [1][2].

Petitioner appealed the RVRs through the Administrative Remedy Program ("ARP") but was denied relief. *See* Exs. A and B to Response [10-1][10-2]. Petitioner appealed the ARP decisions to the Green County Circuit Court, which affirmed the ARP decisions on August 17, 2011. *See* Ex. C to Response [10-3]. The Green County Circuit Court denied Petitioner's Motion for Relief from Order of Judgment on September 8, 2011. *See* Ex. D to Response [10-4]. Petitioner filed a notice of appeal in the Green County Circuit Court seeking to appeal the court's August 17, 2011, decision. *See* Ex. E to Response [10-5]. Petitioner was advised he was responsible for the filing fee to appeal to the Mississippi Supreme Court. *See* Ex. F to Response [10-6].

Petitioner was subsequently granted an extension through October 28, 2011, by the Mississippi Supreme Court to pay the filing fee and file his designation of the record. *See* Exs. G and H to Response [10-7][10-8]. On October 31, 2011, a deficiency notice was sent to Petitioner informing him that he had fourteen days to pay the costs of appeal and file the designation of the record. *See* Ex. I to Response [10-9]. On or about November 7, 2011, Petitioner filed a motion to proceed *in forma pauperis*. *See* Ex. J to Response [10-10]. The Mississippi Supreme Court denied the motion, reasoning that the motion was not well-taken since Petitioner was appealing an

administrative decision regarding inmate discipline.  *See* Ex. K to Response [10-11]. On November 17, 2011, Petitioner's appeal was dismissed for failure to pay the costs of appeal; a mandate was issued on December 8, 2011.  *See* Exs. L and M to Response [10-12][10-13].

Petitioner subsequently filed a "Motion to Stay in the Supreme Court of Mississippi from the Court of Appeals, Memorandum of In Forma Pauperis;" the Mississippi Supreme Court denied the motion on March 6, 2012.  *See* Exs. N and O to Response [10-14][10-15].  Petitioner then filed a "Petition for an Re-hearing Writ of Mandamus," which was denied on May 10, 2012.  *See* Exs. P and Q to Response [10-16][10-17].

Petitioner filed the instant federal habeas petition on June 15, 2012, raising the following ground: "Due process alternate method was not perform. Prison medication cross-reactivity with prison drug test cup."  *See* Petition [1] at 5.  Petitioner clarifies his allegations in his second petition (as stated by Petitioner): "2 unconformation drug test. The first step is screening the urine. The second step is confirming the results. The first step was perform, but the second step was not perform, I was conviction of two preliminary false positive drug test. Due process was not perform, second test."  Petition [2] at 1.  Petitioner seeks the following relief: for the court to dismiss the two RVRs and "to set an order sending petitioner back to the parole board."  Petition [2] at 11.  The Respondent claims that the petition should be denied for Petitioner's failure to exhaust his state remedies.

## **STANDARD OF REVIEW**

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### PETITIONER'S OBJECTIONS AND ANALYSIS

The Report and Recommendation of Judge Parker finds that the petitioner has failed to exhaust state remedies, which is a mandatory prerequisite to federal *habeas* relief under 28 U.S.C. § 2254(b)(1). The Report and Recommendation further finds that the time to exhaust has passed, with results in a procedural default of his *habeas* claim and a bar to its review by this Court. The Report and Recommendation further finds that the narrow exceptions to procedural default, which are "cause and actual prejudice" and "fundamental miscarriage of justice," do not apply.

The objection, which is a long narrative by the petitioner goes through the reasons for his complaint and his argument for the impropriety of the ruling on the RVRs. He talks about the potential for false positive drug tests, failure to obtain

4

confirmation tests, and the fact that the RVR procedure was not carried out. He also argues that his due process rights were violated.

However, the petitioner fails to address the issue of exhaustion. This Court is faced with clear law that states that if the claims have not been exhausted in the state system, then they are not proper in this Court. Also, this Court finds that the time has passed for exhaustion to occur and, therefore, this case should be **dismissed with prejudice**. The other pending motions for: Preliminary Injunction and Temporary Restraining Order [20], Motion for Entry of Default Judgment [23], Motion for Violation of Preliminary Injunction [25], and Motion to Acknowledge MDOC Wrongdoing [30] are moot and should be terminated for docket control purposes.

## **CONCLUSION**

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Ransburgh's objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Lewis Ransburgh's claim is **dismissed with prejudice**. All other pending motions, specifically motions numbered [20], [23], [25], and 30], are denied as

moot.

SO ORDERED this, the 25th day of October, 2012.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE